J-S66015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL JOHNSON | : | |
| | : | |
| Appellant | : | No. 4043 EDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011742-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 19, 2018**

Appellant, Carl Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition timely filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> THE PCRA COURT ERRED BY NOT GRANTING [APPELLANT] AN EVIDENTIARY HEARING.  [APPELLANT'S] PCRA PETITION RAISED MATERIAL ISSUES OF DISPUTED FACTS REGARDING TRIAL COUNSEL'S INVESTIGATION OR LACK THEREOF.  NAMELY, [APPELLANT] ALLEGED TRIAL COUNSEL NEVER INTERVIEWED HIS ALIBI WITNESS, VERONICA THOMAS, BEFORE TRIAL COUNSEL ADVISED HIM NOT TO PRESENT WITNESSES ON HIS BEHALF ONCE

THE COMMONWEALTH PRESENTED ITS CASE-IN-CHIEF. THE RECORD, IN OTHER WORDS, WAS INADEQUATE TO SUMMARILY REJECT [APPELLANT'S] TRIAL COUNSEL INEFFECTIVENESS CLAIM, REQUIRING THE TRIAL COURT TO HOLD AN EVIDENTIARY HEARING. U.S. CONST. ADMTS. 6, 14; PA. CONST. ART. I §§ 8, 9.

THE PCRA COURT ERRED WHEN IT FOUND [APPELLANT] KNOWINGLY AND INTELLIGENTLY WAIVED HIS RIGHT TO PRESENT VERONICA THOMAS AS AN ALIBI WITNESS BASED ON THE ON-THE-RECORD COLLOQUY THE TRIAL COURT HAD WITH [APPELLANT] AFTER THE COMMONWEALTH PRESENTED ITS CASE-IN-CHIEF. TRIAL COUNSEL NEVER INTERVIEWED VERONICA THOMAS. TRIAL COUNSEL, THEREFORE, COULD NOT GAUGE HER CREDIBILITY AND BELIEVABILITY. THE ABSENCE OF THIS INVESTIGATION AND INFORMATION PREVENTED TRIAL COUNSEL FROM INTELLIGENTLY AND EFFECTIVELY ADVISING [APPELLANT] NOT TO PRESENT WITNESSES ON HIS BEHALF. IN OTHER WORDS, [APPELLANT] DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE HIS RIGHT TO PRESENT VERONICA THOMAS BASED ON TRIAL COUNSEL'S INADEQUATE AND INEFFECTIVE PRE-TRIAL INVESTIGATION. U.S. CONST. ADMTS. 6, 14; PA. CONST. ART. I §§ 8, 9.

(Appellant's Brief at 3-4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sandy L. V. Byrd, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed April 6, 2018, at 3-6) (finding: Appellant's ineffective assistance of counsel claim fails, where Commonwealth presented overwhelming evidence of Appellant's guilt, including eyewitness and motive testimony; therefore, alleged alibi testimony would not have changed outcome of trial; Appellant cannot demonstrate that absence of proposed alibi witness testimony was prejudicial; further, Appellant stated during colloquy with court at trial that he did not want to call any witnesses; even if trial counsel had not interviewed Appellant's proffered alibi witness, Appellant was aware of witness and still knowingly and voluntarily waived his right to call any witnesses). The record supports the court's decision to deny relief without a hearing. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18

- 3 -

FILED

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
2018 APR -6 PM 2:26 **TRIAL DIVISION – CRIMINAL SECTION**

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF **COMMONWEALTH OF PENNSYLVANIA**    :    CP-51-CR-00011742-2009

                                       :

                         v.            :

                                       :

            **CARL JOHNSON**           :    **SUPERIOR COURT**


CP-51-CR-0011742-2009 Comm. v. Johnson, Carl
Opinion                                **OPINION**

Byrd, J.                                                April 6, 2018

8092281601

On November 15, 2011, a jury found Carl Johnson guilty of first-degree murder and

conspiracy to commit murder. Johnson was sentenced by the Honorable Carolyn Engel Temin to

a term of life imprisonment without the possibility of parole on January 4, 2012. Johnson filed a

notice of appeal on January 24, 2012. Judge Temin issued an opinion on May 30, 2012. On March

12, 2013, the Superior Court affirmed the judgment of sentence. Johnson petitioned for allowance

to appeal to the Supreme Court on March 25, 2013, which was denied by the Supreme Court on

August 28, 2013. Johnson filed a *pro se* petition under the Post Conviction Relief Act (PCRA) on

January 2, 2014. On April 7, 2017, retained counsel filed an amended PCRA petition. This court

issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal

Procedure 907 on September 29, 2017. The petition was formally dismissed on November 17,

2017, and petitioner filed a notice of appeal to the Superior Court on December 15, 2017. On

December 19, 2017, this court ordered petitioner to file a statement of matters complained of on

appeal. Petitioner filed his statement on January 2, 2018.

## STATEMENT OF FACTS

The March 12, 2013 Superior Court opinion quoted the trial court's summary of the evidence as follows:

> On September 14, 2008, at approximately 1:00 a.m., a car driven by [Appellant] pulled up in front of the steps of the house where the victim, Tyleigh Perkins ("Perkins") and his friend, Tyrone Edgefield ("Edgefield"), were sitting. [Appellant] lowered the driver's side window and leaned back in his seat at which time another person leaned across from the passenger's seat and shot Perkins multiple times. Edgefield was not hit. Perkins was transported to Temple Hospital and was pronounced dead at 6:30 a.m. that morning.
>
> The shooting occurred after a fight between Shawn Jacobs ("Jacobs"), [Appellant's] brother, and Devon Edwards ("Edwards") over the cost of a haircut. Perkins broke up the fight and picked up Jacobs' cell phone from the ground. Perkins gave the cell phone to a neighbor to return to Jacobs later. As Jacobs was walking away from the fight, he threatened Perkins. Subsequent to the fight, [Appellant] drove around the neighborhood looking for Perkins and recovered Jacobs' cell phone from the neighbor.
>
> The Medical Examiner testified that Perkins was hit by four gunshots, one of which penetrated Perkins' intestine, severed his aorta, and lodged in his spine, killing him.

*Commonwealth v. Johnson*, 2013 WL 11274675 (Pa. Super. Mar. 12, 2013).

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Petitioner raised the following issue in his statement of matters complained of on appeal[1]:

Claim #1: The PCRA court erred by not granting Mr. Johnson an evidentiary hearing. Mr. Johnson's PCRA petition raised material issues of disputed facts regarding trial counsel's investigation or lack thereof. Namely, Mr. Johnson alleged trial counsel never interviewed his alibi witness, Veronica Thomas, before trial counsel advised him not to present witnesses on his behalf once the Commonwealth presented its case-in-chief. The record, in other words, was inadequate to summarily reject Mr. Johnson's trial counsel ineffectiveness claim, requiring the trial court to hold an evidentiary hearing. U.S. Const. admts. 6, 14; Pa. Const. art. 1 §§ 8, 9.

Claim #2: The PCRA court erred when it found Mr. Johnson knowingly and intelligently waived his right to present Veronica Thomas as an alibi witness based on the on-the-record colloquy the trial court had with Mr. Johnson after the Commonwealth presented its case-in-chief. Trial counsel never interviewed Veronica Thomas. Trial counsel, therefore, could not gauge her credibility and believability. The absence of this investigation and information prevented trial counsel from intelligently and effectively advising Mr. Johnson not to present witnesses on his behalf. In other words, Mr. Johnson did not knowingly and

---

[1] The following is a verbatim account of petitioner's Statement.

2

intelligently waive his right to present Veronica Thomas based on trial counsel's inadequate and ineffective pre-trial investigation. U.S. Const. admts. 6, 14; Pa. Const. art. 1 §§ 8, 9.

## DISCUSSION

The Post Conviction Relief Act affords collateral relief to those individuals convicted of crimes they did not commit and to those individuals serving illegal sentences. 42 Pa. C.S. §9542. Claims pursuant to the PCRA are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims that are made at a later stage of the judicial proceedings. *Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923 (2001). A petitioner is entitled to file all PCRA petitions, including second and subsequent petitions within one (1) year from the date his judgment of sentence becomes final. 42 Pa. C.S. §9545(b)(1); 42 Pa. C.S. §9545(b)(3). A petitioner is eligible for relief under the PCRA if he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa. C.S. §9543(a)(2) (setting forth the eligibility requirements of the PCRA). *Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125 (2009).

A petitioner may be entitled to relief under the PCRA if he is able to plead and prove that a conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S. §9543(a)(2)(ii). It is the ineffectiveness claim, not the underlying error at trial, which is reviewed. *See Commonwealth v. Clayton*, 572 Pa. 395, 816 A.2d 217 (2002). Under the PCRA, an allegation of ineffective assistance of counsel amounts to constitutional malpractice where counsel's incompetence deprived a defendant of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517 (2001).

3

The law presumes that counsel was effective, and the petitioner carries the burden of proving otherwise. *Commonwealth v. Baker*, 531 Pa. 541, 562, 614 A.2d 633, 673 (1992). To prevail on an ineffective assistance of counsel claim, a three-pronged test must be satisfied: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 158-59, 527 A.2d 973, 975 (1987). Furthermore, counsel's choices cannot be evaluated in hindsight, but rather should be examined in light of the circumstances at that time. *See Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997). Even if there was no reasonable basis for counsel's course of conduct, a petitioner is not entitled to relief if he fails to demonstrate prejudice. *See Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226 (1994).

As the court held in *Commonwealth v. Fisher*, 572 Pa. 105, 116, 813 A.2d 761, 767 (2002), "[s]peculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel." In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the United States Supreme Court instructed that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

Additionally, "where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Howard*, 533 Pa. 266, 274, 719 A.2d 233, 237 (1998). The Court has further declared that "[a] chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a

4

potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Williams*, 587 Pa. 304, 312, 899 A.2d 1060, 1064 (2006) (quoting *Howard*, 533 Pa. at 274, 719 A.2d at 237). Indeed, "a claim of ineffectiveness will not succeed by comparing, in hindsight, the trial strategy trial counsel actually employed with the alternatives foregone." *Commonwealth v. Miller*, 605 Pa. 1, 27, 987 A.2d 638, 653 (2009).

Petitioner contends that counsel was ineffective for failure to interview Veronica Thomas, an allege alibi witness, and that counsel advised him not to call witnesses. In order to obtain relief, petitioner must have demonstrated: (1) that the witnesses existed; (2) that the witnesses were available; (3) that counsel was informed of the existence of the witnesses or should have known of their existence; (4) that the witnesses were available and prepared to cooperate and testify on petitioner's behalf; and, (5) that the absence of the testimony prejudiced petitioner. *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000) (citations omitted). Petitioner did not comply with these requirements, because the absence of the testimony did not cause prejudice to petitioner. The evidence against petitioner was overwhelming, there was substantive eyewitness and motive testimony, and the alleged alibi testimony would not have changed the outcome. The claim for ineffective assistance of counsel is therefore meritless.

Additionally, petitioner stated in a colloquy that there were no witnesses he wished to call. N.T., 11/14/2011, at 12-14. A "defendant who voluntarily waives his right to call witnesses during a colloquy cannot later claim ineffectiveness and purport that he was coerced by counsel." *Lawson* 762 A.2d at 756. Petitioner's contention that the waiver was not done knowingly and intelligently is spurious. Even if trial counsel had not interviewed Ms. Thomas, petitioner was aware of her. Judge Temin explicitly explained to petitioner that he had a right to call any witnesses on his

5

behalf, and he indicated that he understood and still did not wish to present any witnesses. N.T., 11/14/2011, at 12-14.

Finally, petitioner's argument that he is entitled to an evidentiary hearing to adjudicate his ineffective assistance of counsel claims is baseless. A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, and only receives one if there are genuine issues of arguable merit. *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012); *see also* Pa.R.Crim.P. Rule 907 ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.")

Accordingly, for the foregoing reasons, the dismissal of petitioner's PCRA petition should be AFFIRMED.

BY THE COURT:

SANDY L.V. BYRD          J.

6